


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOEL VASQUEZ,

Defendant.

11-Cr-389 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Joel Vasquez moves for a reduction in his sentence under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 192; *see also* Def.'s Reply, ECF No. 198.) The government opposes Vasquez's request. (Gov't Opp'n, ECF No. 197.) As the government concedes, Vasquez demonstrates "extraordinary and compelling reasons" supporting a sentence reduction. (Gov't Opp'n at 4 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).) Because, however, a reduction in Vasquez's sentence would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a) and the policy statements of the U.S. Sentencing Commission, defendant's motion is denied.

## I. BACKGROUND

In April 2011, Vasquez was arrested and charged with various crimes stemming from his role as a leader of a large-scale heroin distribution network. (Presentence Investigation Report (PSR) ¶¶ 18-19, 46.) In that role, Vasquez coordinated and supplied heroin to various street-level dealers operating throughout the Bronx. (*Id.* ¶ 20.) Upon Vasquez's arrest, Drug Enforcement Agency ("DEA") agents seized roughly 2.9 kilograms of heroin, as well as a .38 caliber revolver and 48 rounds of .38 caliber ammunition, from the residence he shared with others. (*Id.* ¶ 46.) Vasquez ultimately pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). (*See id.* ¶¶ 2, 6.)

This was not Vasquez's first drug offense. Prior to this case, Vasquez was convicted of five separate New York state crimes involving the sale of controlled substances, including multiple felony convictions for the sale of heroin. (*See id.* ¶¶ 64-78.) Indeed, Vasquez was still on parole from his most recent state-court offense when he was arrested by the DEA in 2011.

As a result of his criminal history, Vasquez was categorized as a career offender, U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2018) ("U.S.S.G."), and faced a Sentencing Guidelines range of 262 to 327 months. (*See* PSR ¶ 109). In April 2012,

the Court sentenced Vasquez to 180 months' imprisonment and five years' supervised release, a variance of almost seven years below the guideline range. (Sentencing Tr. at 27:5-7.) Vasquez is now serving his sentence at CI Big Spring (Flightline), a private correctional institution in Texas. He has served 9.5 years—approximately 63%—of his sentence, and his projected release date is January 14, 2024.

On July 10, 2020, Vasquez submitted a written request with the warden of CI Big Spring for compassionate release, a request that was denied ten days later. (Gov't Opp'n at 3.) On July 27, 2020, Vasquez filed a pro se motion for compassionate release with this Court. (Def.'s Mot. at 1.) As noted above, the government opposes Vasquez's motion. (Gov't Opp'n at 1.)

## II. Discussion

Generally speaking, a district court may not alter a sentence of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). This "rule of finality," however, "is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522 (2011). The "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A), provides one of those narrow exceptions.[1] "From the statutory text, three requirements for a sentence reduction under the compassionate-release statute can be derived." *United States v. Torres*, No. 87-Cr-593 (SHS), 2020 WL 2815003, at *5 (S.D.N.Y. June 1, 2020). First, a defendant must show that "extraordinary and compelling reasons" support a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Next, the Court must evaluate whether a reduction is warranted in light of "the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A). And finally, the Court must find that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Here, the Court finds—and the government concedes—that Vasquez has indeed demonstrated "extraordinary and compelling reasons" for a reduction in light of his serious health issues as well as the ongoing COVID-19 pandemic. The Court further finds, however, that such a reduction would contravene both the 18 U.S.C. § 3553(a) sentencing factors and the Sentencing Commission's policy statements. Thus, though the Court does not minimize Vasquez's significant health considerations, it finds that he does not fall into the compassionate-release statute's "limited exception[]" to the presumptive rule of finality. *United States v. Hope*, No. 15-Cr-888 (SHS), 2020 WL 4742875, at *2 (S.D.N.Y. June 2, 2020).

---

[1] The compassionate-release statute authorizes a district court to reduce a sentence only after a defendant has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). The government does not contest that the CI Big Spring warden's denial of Vasquez's written request constituted administrative exhaustion. (Gov't Opp'n at 3.)

### A. Extraordinary and Compelling Reasons Exist for a Sentence Reduction

Vasquez argues that the "particularly high risks of medical complications and death posed to him by the recent coronavirus, or COVID-19, pandemic" provide "extraordinary and compelling reasons" for a sentencing reduction. (Def.'s Mot. at 1.) In determining whether extraordinary and compelling circumstances exist, the Court considers "the totality of the circumstances." *Torres*, 2020 WL 2815003, at *7.

Although "numerous courts," including this Court, "have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release . . . additional factors such as advanced age or serious underlying health conditions" may contribute to such a showing. *United States v. Nwankwo*, No. 12-Cr-31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020); *see also United States v. Davis*, No. 12-Cr-712 (SHS), 2020 WL 4573029, at *1 (S.D.N.Y. Aug. 7, 2020).

The government concedes that Vasquez "satisfies the 'extraordinary and compelling reasons' inquiry for a reduction in sentence." (Gov't Opp'n at 4.) Vasquez, who is forty-two, does not fall into a high-risk age group for COVID-19 complications. *Older Adults*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Aug. 16, 2020). He does, however, suffer from a number of underlying health conditions, including diabetes, high blood pressure, an enlarged thyroid, iron deficiency, and extreme obesity. (Def.'s Mot. at 2.) The Center for Disease Control and Prevention has designated obesity, diabetes, and high blood pressure as conditions that lead or may lead to "an increased risk of severe illness from COVID-19." *People of Any Age with Underlying Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020).

The parties here have agreed that Vasquez's particular health conditions, combined with the COVID-19 pandemic, comprise an "extraordinary and compelling reason[]" under 18 U.S.C. § 3582(c)(1)(A)(i), and the Court sees no reason not to accept their joint position.

### B. The Section 3553(a) Factors Do Not Favor a Sentence Reduction

That determination, however, is merely a "threshold question." *United States v. Daugerdas*, No. 09-Cr-581 (WHP), 2020 WL 2097653, at *2 (S.D.N.Y. May 1, 2020). The Court must next "consider the Section 3553(a) factors to the extent they are applicable," 18 U.S.C. § 3582(c)(1)(A), and determine whether, in light of these factors, the "extraordinary and compelling reasons *warrant* such a reduction." *Id.* § 3582(c)(1)(A)(i) (emphasis added).

18 U.S.C. § 3553(a) instructs that, in "impos[ing] a sentence sufficient, but not greater than necessary," a court must consider, among other factors, "the nature and

circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence to facilitate such matters as deterrence, incapacitation, and rehabilitation. 18 U.S.C. §§ 3553(a)(1)-(2).

The section 3553(a) factors "weigh heavily against a sentence reduction here." *United States v. Davis*, No. 12-Cr-712 (SHS), 2020 WL 3790562, at *4 (S.D.N.Y. July 7, 2020). As the Court noted at sentencing, Vasquez was at the "top level" of an extensive heroin distribution network, "controlling a number of people" in the supply and sale of narcotics throughout the Bronx. (Sentencing Tr. at 18:12-15.) The "nature and circumstances of [Vasquez's] offense," and the devastation it wreaked on Vasquez's community, must not be minimized. (*See* Sentencing Tr. at 18:16-19.)

Moreover, the "history and characteristics of the defendant" differ starkly from the typical case in which compassionate release is appropriate. Indeed, Vasquez was far from a first-time offender. His criminal history reflects unceasing involvement in narcotics trafficking and distribution beginning at age 21, behavior that prior terms of incarceration did nothing to deter. (*See* PSR ¶¶ 65-80.) As noted above, Vasquez was still on parole from a six-year state-prison term when he was arrested for the instant offense, his most ambitious distribution scheme yet. (*See id.* ¶¶ 73-79.) Vasquez's criminal history, in conjunction with section 3553(a)'s command that "the sentence imposed . . . afford adequate deterrence," 18 U.S.C. § 3553(a)(2)(A), militates against a sentence modification.

Vasquez correctly contends that certain section 3553(a) factors weigh in favor of a sentence reduction. As he points out, section 3553(a) directs a sentencing court to consider "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care." (Def.'s Mot. at 4 (quoting 18 U.S.C. § 3553(a)(2)(D)).) Although this factor is largely subsumed in the "extraordinary and compelling reasons" analysis, Vasquez is correct that his preexisting conditions "carry more weight" in light of the COVID-19 pandemic "than at the time of sentencing." (*Id.* at 4.) Vasquez also notes that, as a noncitizen subject to removal from the U.S. upon his release, his potential danger to the community after incarceration is correspondingly lessened. (*See* Def.'s Reply at 2.)

Finally, Vasquez urges that he "now exhibits, through his actions, a maturity he did not possess 9 1/2 years ago when the court first saw him" – essentially a claim that his sentence has served its rehabilitative purpose. (*Id.*) He points to the "[c]ountless programs" he has completed, his "strong family ties," and his mentorship to younger offenders. (*Id.*) And according to the government, Vasquez has received only one minor disciplinary infraction during his sentence. (Gov't. Opp'n at 3 n.3.)

The Court recognizes the significant strides Vasquez has made toward rehabilitation. Nonetheless, it is important to note that Vasquez's 180-month sentence already reflected

a downward variance of almost seven years from the Sentencing Guidelines range dictated by the severity of his crime and his career offender status.

In sum, though Vasquez presents legitimate health concerns and evidence of rehabilitation, the severity of Vasquez's crime, his lengthy criminal history, and the Court's significant downward variance from the Sentencing Guidelines range, all militate against granting compassionate release. Because the "Section 3553(a) factors override . . . what would otherwise be extraordinary and compelling circumstances," the Court finds that a sentence reduction is unwarranted. *United States v. Israel*, No. 05-Cr-1039 (CM), 2019 WL 6702522, at *2 (S.D.N.Y. Dec. 9, 2019).

### C. A Sentence Reduction Would Not Be Consistent with the Sentencing Commission's Policy Statements

Though the foregoing discussion is sufficient to warrant a denial of Vasquez's motion, the compassionate-release statute also asks that the Court consider whether a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant U.S. Sentencing Commission policy statement adds one substantive requirement: compassionate release can only be allowed if "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(2); *see also* 18 U.S.C. § 3142(g).

For similar reasons to those discussed above, the Court cannot make that determination at this time. The "nature and circumstances of [Vasquez's] offense," 18 U.S.C. § 3142(g)(1), as well as his lengthy criminal history and the prior failure of incarceration to deter his return to the drug trade, all leave the Court unable to make such a finding. While the Court lauds Vasquez's efforts toward rehabilitation, it also acknowledges that upon his most recent release from incarceration, he returned almost immediately to his integral role in facilitating the spread of debilitating and dangerous narcotics throughout the Bronx. (*See* Sentencing Tr. at 18:20-19:5.) It was Vasquez's recidivist behavior that led to his career offender designation.

Because the Court cannot find that Vasquez "is not a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), a sentencing reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A).

## III. CONCLUSION

For the reasons set forth above, Vasquez's motion for a sentence reduction under 18 U.S.C. § 3583(c)(1)(A) is denied.

Dated: New York, New York
August 26, 2020

SO ORDERED:

Sidney H. Stein, U.S.D.J.